## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**JAMES H. LARSON**                                                                     **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:07CV-P611-M**

**HARDIN COUNTY DETENTION CENTER**                                      **RESPONDENT**

### MEMORANDUM OPINION

Petitioner James H. Larson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). In the petition, he indicated that the judgment of conviction under attack arose in Hardin County, and he appeared to allege prosecutorial misconduct, a double jeopardy violation, and an *ex post facto* claim regarding the Kentucky sex offender residency requirement.

On review of the petition, the attached memorandum, and exhibits, the Court concluded that it appeared Petitioner had not fully exhausted his claims in state court. In fact, it appeared to the Court that the trial court proceedings may not yet have been completed. For this reason, the Court entered an Order directing Petitioner to advise whether he has exhausted each claim raised in his habeas petition through the state court process and to describe the steps that he took to fully exhaust each claim (DN 9). The Court further directed Petitioner to amend the caption of his petition to name the proper Respondent, *i.e.*, the name of the warden or jailer who has custody of him.

In response, Petitioner filed a letter advising that "on April 1, 2008, I accepted a plea agreement with the Commonwealth of Kentucky and plead guilty to the charges" (DN 10). He, therefore, states, "Because of this fact I think that most of my complaints on Civil Action No. 3:07CV-P611-M will be laid to rest." He continues, however, that "I would like for the court to rule on the ex post facto claim which is for a modification to a State Law #82 I think where the

Commonwealth added rules to this State Law in July 2006." Petitioner reports that the *ex post facto* claim was not presented to the state court because "there is already a class action presented by a law firm from Louisville on this same cause already in State Courts." Petitioner did not amend the petition to reflect the proper Respondent.

## I.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[1] *Id.* The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

[1] Under Kentucky Rule of Criminal Procedure (RCr) 12.05,

> In all appeals from criminal convictions or post-conviction relief matters a litigant shall not be required to petition for rehearing or to file a motion for discretionary review to either the Kentucky Court of Appeals or Kentucky Supreme Court following an adverse decision of either the circuit court or Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the appellate court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies available for that claim. If rehearing or discretionary review is sought on less than all of the claims of error presented on appeal, the litigant, nevertheless, shall be deemed to have exhausted all available state remedies respecting the claim(s) of error for which rehearing or discretionary review is not sought. Finality of the opinion for all claims of error is governed by CR 76.30(2).

In his response, Petitioner indicates that he wishes only to proceed with the *ex post facto* claim. He has failed to meet his burden of demonstrating complete exhaustion of available state remedies with respect to that claim. He fails to demonstrate that he has sought relief through the appellate courts with respect to that remaining claim. And, while he seems to allege futility in exhaustion due to a pending class action in state court, he has cited to no legal authority for his proposition and, regardless of the propriety of his argument, he fails to show that the non-specific, state-court action has been taken through the available appellate process.

Further, Petitioner failed to amend the petition to name the proper Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[T]he petition must name as respondent the state officer who has custody.").

For these reasons, the habeas petition will be dismissed.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the

3

matter be heard on appeal.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable.  A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
4414.005

4